UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

STANLEY BOUCREE )
    1540 GERANIUM STREET, NW )
    WASHINGTON, D.C. 20012 )
 )
CATHERINE BOUCREE )
    1540 GERANIUM STREET, NW )    JURY DEMAND
    WASHINGTON, D.C. 20012 )
 )
    v. )
 )    Case: 1:09-cv-01287
FEDERAL DEPOSIT INSURANCE CORP., )    Assigned To : Walton, Reggie B.
AS RECEIVER FOR WASHINGTON )    Assign. Date : 7/10/2009
MUTUAL BANK )    Description: General Civil
    40 PACIFICA )
    IRVINE, CA 92618 )
 )

FILED
JUL 10 2009
Clerk, U.S. District and
Bankruptcy Courts

## COMPLAINT

COMES NOW Stanley Boucree, D.D.S. and Mrs. Catherine Boucree (hereinafter "Plaintiffs"), by and through undersigned counsel, and file their Complaint alleging a claim of unjust enrichment against the Federal Deposit Insurance Corporation (hereinafter "FDIC") as Receiver for Washington Mutual Bank (hereinafter "Washington Mutual").

### PARTIES

1.    Plaintiff Stanley Boucree has been a resident of the District of Columbia for six months prior to initiating the instant action. He is over the age of 18 years old, and has been at all relevant times referred to in this Complaint. In 2002 and at all times relevant to this action Dr. Boucree owned real estate in Washington, D.C. located at 1540 Geranium Street, N.W. Washington, D.C. 20016, Square 2737, Lot 11.

2.    Mrs. Catherine Boucree has been a resident of the District of Columbia for six months prior to initiating the instant action. She is over the age of 18 years old, and has been at all

relevant times referred to in this Complaint. In 2002 and at all times relevant to this action Mrs. Boucree owned real estate in Washington, D.C. located at 1540 Geranium Street, N.W. Washington, D.C. 20016, Square 2737, Lot 11.

3. In 2002 and at all relevant times to this action Washington Mutual has been in the banking industry providing mortgage loans, as well as purchasing mortgages loan. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as Receiver.

4. The FDIC is an independent agency of the federal government created in 1933 to insure deposits in banks and thrift institutions for at least two hundred fifty thousand dollars ($250,000), as well as identify and limit the effect on the economy and the financial system when a bank or thrift institution fails.

## NATURE OF THE ACTION

5. This cause of action arises from a series of actions taken by Washington Mutual beginning with the purchase of a mortgage loan made to Plaintiffs from GreenPoint Mortgage Funding, Inc., and monthly bills charged to and paid by Plaintiffs for the mortgage loan.

6. Plaintiffs did not receive the full amount of the mortgage loan from GreenPoint Mortgage Funding, Inc.

7. Washington Mutual bought Plaintiffs' mortgage loan from GreenPoint Mortgage Funding, Inc. despite defects in the mortgage loan file.

8. Since April of 2002 Washington Mutual has been charging and receiving monthly payments on Plaintiffs' mortgage loan which Plaintiffs never received in full.

9. In September of 2008 Washington Mutual failed, was closed, and the FDIC was appointed Receiver.

10.     On April 10, 2009, Plaintiffs filed a claim with the FDIC asserting that Plaintiffs were entitled to recover from Washington Mutual based on the failed institution being unjustly enriched when it purchased a mortgage loan which was never fully disbursed and has since been collecting mortgage loan payments from Plaintiffs.

11.     On May 12, 2009, the FDIC notified Plaintiffs by letter that their claim had been disallowed.

## JURISDICTION & VENUE

12.     This Court has jurisdiction over Plaintiffs' claim pursuant to 12 U.S.C. § 1331, which states that district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.

13.     This Court has jurisdiction over Plaintiffs' claim, pursuant to 12 U.S.C. § 1821 (d)(6)(A) which provides claimants of failed banking institutions a remedy to pursue a de novo trial in the United States District Court for the District of Columbia if after submitting a claim with the FDIC the claim is disallowed.

14.     Pursuant to 12 U.S.C. § 1349 this Court has jurisdiction over Plaintiffs' civil action against the FDIC which was incorporated by or under an Act of Congress and the United States is an owner of more than one-half of the FDIC's capital stock.

## FACTS

15.     On February 15, 2002, Plaintiffs re-financed their mortgage on their residence with GreenPoint Mortgage Funding, Inc. to borrow four hundred thousand dollars ($ 400,000.00).

16.     The collateral for the mortgage loan was property owned by Plaintiffs located at 1540 Geranium Street, N.W. Washington, D.C. 20016, Square 2737, Lot 11.

17. The HUD-1 settlement statement, part of the settlement documents, specified that one hundred one thousand, five hundred sixty-three dollars ($101,563) of the mortgage loan was to be paid to the Internal Revenue Service to satisfy a federal tax lien, and four thousand five hundred dollars ($4,500) was to be paid to the District of Columbia Treasurer to satisfy a District of Columbia tax lien.

18. GreenPoint Mortgage Funding, Inc.'s commitment letter, part of the settlement documents, required proof that loan proceeds as identified on the HUD-1 were used to satisfy the tax liens.

19. Neither the Internal Revenue Service tax lien nor the District of Columbia tax lien were satisfied.

20. After settlement, GreenPoint Mortgage Funding, Inc. did not obtain proof that mortgage loan proceeds had been disbursed to the tax authorities.

21. GreenPoint Mortgage Funding, Inc.'s mortgage loan file for Plaintiffs did not contain proof that the tax liens had been paid as required by the commitment letter.

22. In 2002 GreenPoint Mortgage Funding, Inc. sold Plaintiffs' mortgage loan to Washington Mutual.

23. Since April of 2002 the Plaintiffs have made monthly payments to Washington Mutual paying back a four hundred thousand dollar mortgage loan they purportedly borrowed from GreenPoint Mortgage Funding, Inc. in February of 2002, but never received in full.

24. Plaintiffs retained two attorneys and used the services of their accountant to collect the balance of the 2002 mortgage loan. Plaintiffs' agents communicated with GreenPoint Mortgage Funding, Inc. informing the bank that Plaintiffs' tax liens had never been satisfied and

demanding that one hundred six thousand, sixty-three dollars ($106,063) be transferred to Plaintiffs.

25. GreenPoint Mortgage Funding, Inc. filed a claim with its title insurance company and acknowledged that the claim would be accepted and the title insurance company would be directed to pay the unfunded portion of the mortgage loan.

26. In January of 2008 GreenPoint Mortgage Funding, Inc.'s title insurance company notified Plaintiffs that Plaintiffs' claim for the unfunded portions of Plaintiffs' mortgage loan was being closed and the unfunded portions were not being held in an escrow for the tax authorities nor would the money be disbursed to Plaintiffs.

## COUNT I: UNJUST ENRICHMENT
## FDIC, as Receiver for Washington Mutual

27. Plaintiffs incorporate the foregoing paragraphs of this Complaint by reference as if set forth in full herein.

28. In 2002 GreenPoint Mortgage Funding, Inc. agreed to loan four hundred thousand dollars ($400,000) to Plaintiffs, and Plaintiffs agreed to use their primary residence as collateral.

29. The Plaintiffs never received four hundred thousand dollars ($400,000) from GreenPoint Mortgage Funding, Inc.

30. In 2002 GreenPoint Mortgage Funding, Inc. sold Washington Mutual the Plaintiffs' mortgage loan.

31. GreenPoint Mortgage Funding, Inc.'s mortgage loan file contained documents requiring identified loan proceeds be used to pay tax liens and requiring proof of such disbursements.

32. GreenPoint Mortgage Funding, Inc.'s mortgage loan file did not contain any proof that loan proceeds had been paid to federal tax authorities or District of Columbia tax authorities.

33. Since April of 2002 Washington Mutual has been collecting monthly payments from Plaintiffs on a four hundred thousand dollar mortgage loan when Plaintiffs only received two hundred ninety-three thousand nine hundred thirty-seven dollars ($293,937).

34. As a direct and proximate result of Washington Mutual charging Plaintiffs interest and collecting monthly mortgage loan payments on a mortgage loan Plaintiffs never received in full the Plaintiffs have suffered substantial financial losses and Plaintiffs have bestowed benefits to Washington Mutual which in justice and equity belong to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Dr. and Mrs. Stanley Boucree pray that this Court will:

a. order Washington Mutual to pay Plaintiffs one hundred six thousand, sixty-three dollars ($106,063), plus interest running from the date the loan contract was signed, February 15, 2002, and costs; and

b. order Washington Mutual to pay Plaintiffs the increased amount of the Internal Revenue Service tax lien, as well as, the District of Columbia tax lien from February of 2002; and

c. grant further relief as this Court deems just and proper.

Date: July 10, 2009                                                  Respectfully Submitted,

Curtis A. Boykin, DC Bar No. 441120
DOUGLAS & BOYKIN PLLC
1850 M Street NW, Suite 640
Washington, DC  20036
202-776-0370, Telephone
202-776-0975, Facsimile
*Counsel for Dr. Stanley Boucree and Mrs. Catherine Boucree*