UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY BOUCREE, DDS., ET AL.,  )<br>)<br>   *Plaintiffs,*   )<br>)<br>   v.   )<br>)<br>FEDERAL DEPOSIT INSURANCE CORP.,   )<br>AS RECEIVER FOR WASHINGTON   )<br>MUTUAL BANK,   )<br>)<br>   *Defendant.*   )<br>) | 1:09 cv 01287 (RBW) |

## PLAINTIFFS' MOTION TO STAY

Doctor Stanley Boucree, DDS, and Mrs. Catherine Boucree ("Plaintiffs"), by the undersigned counsel respectfully request that the Court stay the above-captioned case, Civil Action no. 1:09-cv-01287 until the Superior Court for the District of Columbia issues an order on Plaintiffs' Super. Ct. Civ. R. 60 (b) motion for relief in a related civil action. Plaintiffs submit that Defendant will not be prejudiced and there is good cause to grant the requested relief. In support of Plaintiffs' request they submit the accompanying Points & Authorities and a proposed order.

Date: July 30, 2009

Respectfully submitted,

Stanley Boucree and Catherine Boucree,

_/s/ Curtis A. Boykin_
Curtis A. Boykin, DC Bar No. 444120
Douglas & Boykin PLLC
1850 M Street, N.W., Suite 640
Washington, D.C. 20036
202-776-0370, telephone
202-776-0975, facsimile
caboykin@douglasboykin.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY BOUCREE, DDS., ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORP., AS RECEIVER FOR WASHINGTON MUTUAL BANK, <br><br> *Defendant.* | 1:09 cv 01287 (RBW) |

## PLAINTIFFS' MOTION TO STAY

Doctor Stanley Boucree, DDS, and Catherine Boucree ("Plaintiffs"), by the undersigned counsel respectfully request that the Court stay the above-captioned civil action filed on July 10, 2009, against the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Washington Mutual Bank ("Washington Mutual") until the Superior Court for the District of Columbia ("Superior Court") makes a determination regarding Plaintiffs' motion for relief in a pending related civil matter.

1. This Court has inherent power to stay proceedings after balancing the competing interests and considering the economy of time and effort for itself, for counsel, and for litigants. *Feld Entm't Inc. v. ASPCA*, 523 F. Supp. 2d 1, 2-3 (D.D.C. 2007) (*citing Dellinger v. Mitchell*, 143 U.S. App. D.C. 60, 442 F.2d 782, 786 (D.C. Cir. 1971); *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Plaintiffs request that the Court stay the above-captioned action until disposition of a motion for relief filed in Superior Court based on the statutory rights bestowed on them as claimants of a failed financial institution to file a complaint in the appropriate United States District Court after the FDIC disallows their claim. If the

requested relief is denied Plaintiffs will be barred from exercising their statutory right not based on the merit of their claim but because they filed an action against Washington Mutual before it failed.

2. As background, Plaintiffs' submit the following procedural history. On July 9, 2008, Plaintiffs filed a lawsuit in the Superior Court for the District of Columbia against eight defendants alleging eight counts including negligent misrepresentation, breach of contract, fraud, legal malpractice, and unjust enrichment. Plaintiffs' claims and injuries arise out of a mortgage loan from GreenPoint Mortgage Funding, Inc. to Plaintiffs which after closing was sold to Washington Mutual. Plaintiffs filed one count of unjust enrichment against Washington Mutual. No party-defendant filed a cross claims against Washington Mutual. In its underlying complaint, Plaintiffs allege that Washington Mutual failed to perform due diligence when it purchased Plaintiffs' 2002 mortgage loan and each mortgage bill with interest and payment injured them. Plaintiffs allege that because of Washington Mutual's omissions it owns a mortgage and a security interest in Plaintiffs' residence for four hundred thousand dollars ($400,000) even though Plaintiff did not receive four hundred thousand dollars ($400,000).

3. On August 26, 2008, Washington Mutual filed a motion to dismiss. On September 29, 2008, Plaintiffs filed an opposition. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as Receiver. On November 21, 2008, the Superior Court granted the FDIC's motion requesting an automatic ninety day stay pursuant to 12 U.S.C. § 1821 (d)(12)(A)(ii).

4. On January 13, 2009, the FDIC notified Plaintiffs by letter that due to the closing of Washington Mutual any claim Plaintiffs had against the failed bank must be filed with the FDIC by April 13, 2009. On March 30, 2009, the Superior Court granted Washington Mutual's motion

2

to dismiss. On April 10, 2009, Plaintiffs submitted their unjust enrichment claim with supporting documentation to the FDIC. On May 12, 2009, the FDIC disallowed Plaintiffs' unjust enrichment claim.

5.      On May 27, 2009, Plaintiffs filed a motion in the Superior Court pursuant to Super. Ct. Civ. R. 60 (b) asking the court for relief from its March 30, 2009, order as it relates to Washington Mutual. Plaintiffs asserted that once the bank failed, a Receiver was appointed, and the FDIC notified Plaintiffs that their claim must be submitted to the FDIC by a date certain the Superior Court should have stayed the lawsuit until after the claims process was completed at which point Plaintiffs would have the option under 12 U.S.C. § 1821 (d)(6)(A)(ii) to seek administrative review of the disallowance, continue their previously filed lawsuit in Superior Court, or file a complaint in the appropriate United States District Court seeking a *de novo* trial of their claim.

6.      On July 2, 2009, after the FDIC disallowed Plaintiffs' unjust enrichment claim Plaintiff submitted a written request with the FDIC for an administrative review of the disallowance after a full hearing, pursuant to 12 U.S.C. § 1821 (d)(6)(A)(ii). The FDIC informed Plaintiffs that it would not consent to an administrative review.

7.      On July 10, 2009, Plaintiffs filed the above-captioned lawsuit against the FDIC as Receiver of Washington Mutual in order to preserve their rights and remedies with respect to their claim against Washington Mutual, pursuant to 12 U.S.C. § 1821 (d)(6)(B)(ii). Counsel for Plaintiff informed the FDIC of the complaint and Kristine Hogan of the FDIC agreed to accept service by mail. On July 30, 2009, pursuant to Fed. R. Civ. P. 4 (i) counsel for Plaintiffs mailed copies of the complaint and summons to Kristine Hogan of the FDIC, the United States Attorney

for the District of Columbia, as well as the Attorney General of the United States at Washington, D.C. by first class, postage prepaid, certified mail.

8. On July 21, 2009, Plaintiffs filed a motion asking the Superior Court to voluntarily dismiss without prejudice their unjust enrichment claim against Washington Mutual. Plaintiffs incorporated by reference their pending motion for relief from the court's March 30, 2009, order and requested that pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, (FIRREA), 12 U.S.C. § 1821 and Super. Ct. Civ. R. 41 (a)(2) Plaintiffs be permitted to elect a remedy provided by Congress to claimants of failed financial institutions and pursue their unjust enrichment claim in the United States District Court for the District of Columbia.

9. On July 22, 2009, the Superior Court for the District of Columbia denied without prejudice Plaintiffs' motion to voluntarily dismiss their claim against Washington Mutual. The Court's denial without prejudice was based on Plaintiffs' pending motion for relief which until granted leaves Plaintiffs' motion for a voluntary dismissal premature.[1] *See* Exhibit 1, Order dated Jul. 22, 2009, (Kravitz, J.). Plaintiffs could not wait to file the above-captioned action until their motion for relief from the Superior Court's March 30, 2009, order was adjudicated because under federal statute claimants of failed financial institutions have sixty days from the date the

---

[1] Plaintiffs' pending motion for relief from the court's March 30, 2009, order is before Judge Fisher. Plaintiffs' motion to voluntarily dismiss their claim against Washington Mutual was before Judge Kravitz. Judges serving in the Superior Court for the District of Columbia are assigned to a calendar, *i.e.,* misdemeanor, felony I, civil, civil I, for terms of one to two years and are then transferred to another calendar. A Judge transferring to a new calendar takes with him or her all motions ripe for adjudication before the transfer despite the scheduling reality that as of the date of transfer a different Judge will be presiding over that calendar's cases. When Judge Fisher transferred out of Calendar 1 Plaintiffs' motion for relief was ripe for adjudication. Judge Kravitz now presides over Calendar 1 and did so when Plaintiffs' motion for voluntary dismissal was filed.

FDIC disallows a claim to request an administrative review, to continue a previously filed action, or to file a complaint in the appropriate United States District Court. *See* 12 U.S.C. § (d)(6)(A). The FDIC disallowed Plaintiffs' claim on May 12, 2009, and Plaintiffs filed the above-captioned case on July 10, 2009.

10. The hardship Plaintiffs face is clear – they are obligated to pay a four hundred thousand dollar mortgage with interest that was never fully funded, in addition to tax liens and fines because their lender did not perform under the loan contract, then after Plaintiffs filed suit the holder of their note fails and, as they submitted to the Superior Court, their claim was considered not as intended by Congress pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, (FIRREA), 12 U.S.C. § 1821, and Plaintiffs could be barred from having their day in court to present their claim against Washington Mutual. A stay would avoid unnecessary litigation and further the interest of judicial economy preventing the parties from presenting a duplicative case to the Court while preserving Plaintiffs' rights as to Washington Mutual. *Feld Entm't Inc.*, 523 F. Supp. 2d at 3; *Portnoy v. Zenith Labs.*, 1987 U.S. Dist. LEXIS 16134, *2 (D.D.C. 1987).

11. The FDIC will not be prejudiced if the Court grants the requested relief. On January 13, 2009, the FDIC invoked 12 U.S.C. § 1821 by which to resolve Plaintiffs' unjust enrichment claim against Washington Mutual. The federal statute provides Plaintiffs the election of pursuing their claim in the appropriate United States District Court subsequent to the FDIC's disallowance of their claim. The stay eliminates the expenditure of any resources by the FDIC in presenting a duplicative defense or completing duplicative pre-trial tasks in this Court pending resolution of Plaintiffs' motion for relief before the Superior Court.

Wherefore Plaintiffs request that the above-captioned case be held in abeyance pending disposition by the Superior Court of Plaintiffs' motion for relief from the court's March 30, 2009, order and a determination of Plaintiffs motion for a voluntary dismissal.

Date: July 30, 2009

Respectfully submitted,

Stanley Boucree and Catherine Boucree,

Curtis A. Boykin, DC Bar No. 444120
Douglas & Boykin PLLC
1850 M Street, N.W., Suite 640
Washington, D.C. 20036
202-776-0370, telephone
202-776-0975, facsimile
caboykin@douglasboykin.com

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of July, 2009, a true and correct copy of Plaintiffs' motion to stay was served on Kristine Hogan, Esq. of the FDIC at the address listed below by first class mail, postage pre-paid:

Kristine Hogan, Esq.
Federal Deposit Insurance Corporation
40 Pacifica
Irvine, CA 92618

Curtis A. Boykin

## LcVr7 (m) CERTIFICATE

I certify that on this 30th day of July, 2009, counsel for Plaintiffs left a voice mail for Mr. Timothy Danello, counsel for the Federal Deposit Insurance Corporation requesting consent to the instant motion. At the time of filing counsel has not received consent to Plaintiffs' Motion to Stay.

_____
Curtis A. Boykin

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANLEY BOUCREE, DDS., ET AL.,**<br>  *Plaintiffs,*<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORP.,**<br>**AS RECEIVER FOR WASHINGTON**<br>**MUTUAL BANK,**<br>  *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **1:09 cv 01287 (RBW)** |

### ORDER GRANTING PLAINTIFFS' MOTION TO STAY

This matter is before the Court on Plaintiffs' motion to stay the above-captioned case until the Superior Court for the District of Columbia enters an order adjudicating Plaintiffs' pending motion for relief filed in a related case in that court.  Based on good cause having been shown, any opposition thereto, and the record herein it is this _____ day of

_____, 2009,

ORDERED that Plaintiffs' motion to stay be, and it hereby is, GRANTED; and it is further

ORDERED that the above-captioned case shall be stayed pending resolution by the Superior Court for the District of Columbia of Plaintiffs' motion for relief, and if granted, Plaintiffs' motion for voluntary dismissal; it is further

ORDERED that Plaintiffs shall notify the Court of the Superior Court's determination of the pending motion for relief in the related case within one week of that court's order.

_____
Judge Reggie B. Walton

Copies:

Curtis A. Boykin, Esq.
Douglas & Boykin PLLC
1850 M Street, N.W., Suite 640
Washington, D.C. 20036
*Counsel for Plaintiffs*

Kristine Hogan, Esq.
Federal Deposit Insurance Corporation
40 Pacifica
Irvine, CA 92618
*Counsel for Defendant*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| STANLEY and CATHERINE BOUCREE, )<br>        Plaintiffs                                        )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>GREENPOINT MORTGAGE FUNDING, INC., )<br>        Defendant                                      ) | Case No. 08 CA 4951<br><br>Calendar 1 - Judge Kravitz |

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)

This case is before the court on the plaintiffs' motion for leave to enter a voluntary dismissal of their unjust enrichment claim against the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank. The plaintiffs contend that they should be permitted to dismiss the unjust enrichment claim without prejudice because they are required to pursue the claim under the FDIC's administrative process as a result of the failure of Washington Mutual Bank.

Judge Fisher issued an order on March 30, 2009 granting Washington Mutual Bank's motion to dismiss the plaintiffs' unjust enrichment claim on the ground that the claim is barred by the applicable three-year statute of limitations. The plaintiffs have filed a motion for relief from this portion of Judge Fisher's order of March 30, 2009, but Judge Fisher has not yet ruled on that motion, and the plaintiffs' current motion for leave to enter a voluntary dismissal without prejudice is premature unless and until Judge Fisher grants the plaintiffs' motion for reconsideration and reinstates the unjust enrichment claim.

Accordingly, it is this 22nd day of July 2009

Exhibit 1

**ORDERED** that the plaintiffs' motion is **denied** without prejudice to its being renewed in the event that Judge Fisher grants the plaintiffs' pending motion for relief from the order of March 30, 2009 and reinstates the plaintiffs' unjust enrichment claim against Washington Mutual Bank.

*[signature: Neal E. Kravitz]*

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:

Michelle Gambino, Esq.
Rebecca S. Roche, Esq.
Kathleen Howard Meredith, Esq.
Stephan Y. Brennan, Esq.
William C. Johnson, Jr., Esq.
Frederick A. Douglas, Esq.
Curtis A. Boykin, Esq.
Monica O'Connell, Esq.
Alex Chintella, Esq.

*Via E-Serve*